SMITH, Judge.
Appellant challenges the revocation of her midwifery license. We reverse and remand.
On October 3, 1988, an amended administrative complaint was filed charging appellant with numerous violations of rules regarding acceptance and treatment of pa *338 tients. After a two-day formal administrative hearing, the hearing officer recommended that appellant’s license be suspended for one year with credit, for the period during which appellant’s license had been suspended by emergency order. In recommending this penalty, the hearing officer found that the Department of Health and Rehabilitative Services (HRS) had proved by clear and convincing evidence that appellant had violated: (1) Rule 10D-36.-046(4)(o), Florida Administrative Code, by failing to refer patient W.S. to a physician for treatment of a laceration sustained during child birth; (2) Rule 10D-36.046(4)(g) by failing to refer patient McNeely to a physician when palpation should have permitted an experienced midwife to predict that McNeely was carrying a child weighing in excess of 4,000 grams; and (3) Rules 10D-36.041 and .042 by accepting patient McNeely as a patient without first securing a complete examination of the patient by a physician and by not conducting a “risk assessment.” The hearing officer found that HRS had not proved the remaining charges. With the exception of the finding that Milton failed to conduct a risk assessment of McNeely, HRS adopted the hearing officer’s findings of fact and conclusions of law, but rejected the recommended penalty. Instead, HRS ordered that appellant’s license be revoked.
Appellant takes issue with the finding made in connection with the second enumerated rule violation that the weight of the McNeely infant could have been detected by appellant through palpation, a procedure by which the fetus is felt through the womb. McNeely had gone without prenatal care for twenty-five weeks before coming under the care of the appellant. After a long and difficult labor, McNeely’s baby was stillborn. At the time of delivery, the infant weighed ten pounds, ten ounces, which is in excess of 4,000 grams.
Rule 10D-36.046(4)(g) provides that a patient is to be referred to a physician if during labor the estimated fetal weight is' less than 2,500 grams or greater than 4,000 grams.[1] According to the appellant, the finding that appellant violated this rule is not supported by competent, substantial evidence. After conducting a careful review of the record, we agree.
Neither of the two experts called by HRS specifically testified that the weight of the McNeely baby could have been estimated during labor to be in excess of 4,000 grams by the palpation method. Further, neither expert, or any other HRS witness, testified as to the accuracy of weight estimates by palpation during labor and delivery. Both experts testified that fetal size can be estimated by comparing fundal height with the week of gestation and by monitoring the mother’s weight gain. This testimony, however, is not competent proof that appellant failed to properly assess the weight of the McNeely infant during labor itself, which is what is contemplated by Rule 10D-36.046(4)(g).
Because we find that one of the hearing officer’s findings of fact is not supported by competent, substantial evidence, we reverse and remand this case to the hearing officer for consideration of a recommended penalty consistent with this opinion. The other issue raised by appellant in this appeal is moot given our holding.[2]
REVERSED and REMANDED.
NIMMONS and ALLEN, JJ., concur.

. This rule provides:
"10D-36.046 Responsibilities of Lay Midwives During the Labor and Delivery, the In-trapartum Period.
(4) Risk factors shall be assessed throughout labor to determine the need for physician consultation or emergency transport. The patient shall be referred for physician’s care if
the following conditions occur during labor, delivery, or immediately thereafter:
(g) Estimated fetal weight less than 2500 grams or greater than 4000 grams.”

. One aspect of the final order regarding the penalty imposed bears mention. In evaluating the violations in the light of section 10D-36.- *339 055(1), Florida Administrative Code, for determination of the penalty, HRS stated in its final order (with respect to criteria (g), the actual damage to patients), that with regard to violations (2) and (3), "the baby died during birth.” We agree with appellant’s contention that this reference to the death of the baby was improper. Appellant was never charged with causing the death of the McNeely child and no proof of this accusation was presented at the hearing. As found by the hearing officer, the child died from asphyxia secondary to shoulder dystocia, which is an unpredictable event and difficult to manage even in a hospital setting.